UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA NAMBI,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-06360-AGT<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 27, 28 |

    Plaintiff Krishna Nambi applied for and was denied disability benefits and supplemental security income under the Social Security Act. Now, on judicial review of the ALJ's decision denying benefits, Nambi argues that the ALJ committed reversible error by failing to address or account for numerous moderate mental limitations found by state agency consulting psychiatrist Dr. K. Econome, the only doctor whose opinion the ALJ found fully persuasive, when assessing Nambi's residual functional capacity ("RFC"). As explained below, the Court agrees.

    The ALJ "is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Further, "[t]he hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out all the limitations and restrictions of the particular claimant.'" *Id.* "Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Macias v. Saul*, 2021 WL 856423, at *5 (E.D. Cal. Mar. 8, 2021) (collecting cases).

Here, the ALJ found that Nambi suffered from severe impairments of type 2 diabetes, hypertension, depressive disorder, and alcohol use disorder. AR 24. The ALJ also found that Nambi had the RFC to perform "medium work" with the following exceptions:

> [T]he claimant . . . can lift or carry 50 pounds occasionally and 25 pounds frequently. He can sit for six hours in an eight-hour day, and stand or walk for six hours in an eight-hour day. The claimant can never work at unprotected heights. The claimant is able to perform simple, routine tasks, and can occasionally interact with the public.

AR 27. The ALJ used this RFC in the hypothetical questions he posed to the vocational expert. AR 58–59. Relying on the testimony of the vocational expert, the ALJ found that Nambi could perform the jobs of machine feeder, cleaner, and store laborer. AR 34. Accordingly, the ALJ concluded that Nambi was not disabled. AR 34–35.

In formulating Nambi's RFC, the ALJ found the opinion of state agency consulting psychiatrist Dr. Econome "persuasive" and "consistent with the evidence."[1] AR 30. Dr. Econome opined that Nambi was moderately impaired in his abilities to: (1) maintain attention and concentration for extended periods; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (3) work in coordination with or in proximity to others without being distracted by them; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; (5) interact appropriately with the general public; (6) accept instructions and respond appropriately to criticism from supervisors; (7) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (8) respond appropriately to changes in the work setting; and (9) set realistic goals or make plans independently of others. AR 88–89. Dr. Econome also opined that "[e]ven [with] some impairment and even [alcohol] abuse, [Nambi] should be capable of [simple repetitive tasks] [with] [limited public contact]." AR 87.

Nambi argues that the ALJ's RFC "utterly fails to account for [his] moderate inability to

---

[1] The ALJ found the other mental health opinion evidence to be only partially persuasive, as in the case of examining psychologist Dr. Katherine Wiebe, or not at all persuasive, as in the case of treating therapists Roya Sakhai, MFT, and Michael Seligson, MFT. *See* AR 30–31.

1   maintain a schedule, maintain attendance, be punctual, work with others or work independently,
2   respond to supervision or work changes, or complete a workday or workweek," and that this
3   failure constitutes "harmful, legal error." Dkt. 27 at 10. The Court agrees. Courts in this District
4   have repeatedly held that an ALJ is required to either explicitly reject or include in the RFC the
5   same moderate limitations Dr. Econome assessed in this case. *See Warren v. Saul*, 2021 WL
6   259435, at *5 (C.D. Cal. Jan. 26, 2021) (collecting cases); *see also Morinskey v. Astrue*, 458 F.
7   App'x 640, 641 (9th Cir. 2011) (holding that ALJ erred in omitting consultant's opinion that the
8   plaintiff was moderately impaired in his abilities to maintain regular attendance, sustain an
9   ordinary routine, and complete a normal workday or workweek without interruption without
10  providing an explanation for why these limitations were not included in the RFC, despite claiming
11  to give great weight to those assessments); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir.
12  2009) (same, where one of the moderate limitations was in the plaintiff's "ability to respond
13  appropriately to changes in the work setting").

14  The Commissioner does not contest that the ALJ's RFC fails to include or explicitly reject
15  these moderate mental limitations assessed by Dr. Econome. Instead, the Commissioner asserts,
16  without any further explanation or analysis, that the moderate limitations found by Dr. Econome
17  "do not specify Plaintiff's functional limitations." Dkt. 28 at 3. The Commissioner also argues
18  that "the ALJ did not ignore Dr. Econome's findings of moderate limitation" because Dr. Econome
19  found Nambi capable of simple repetitive tasks with limited public contact "which the ALJ then
20  properly relied on in assessing the RFC." *Id.* at 4. Neither argument is persuasive, and the
21  Commissioner's reliance on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), fails to
22  recognize that "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-*
23  *Danielson* does not control in cases where the limitations relate to functional areas other than
24  concentration, persistence, and pace, such as social functioning and attendance." *Panziera v.*
25  *Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (collecting cases). The fact remains
26  that the RFC limiting Nambi to simple routine tasks with limited public interaction does not
27  account for Dr. Econome's findings of moderate limitations in Nambi's abilities to complete a
28  workday or workweek, perform activities within a schedule, maintain attendance, be punctual,

3

accept criticism from supervisors, and get along with coworkers.  "[T]he ALJ was required to either include these limitations in [Nambi's] RFC assessment or provide legally sufficient reasons for rejecting them."  *Warren*, 2021 WL 259435, at *6.  The ALJ did neither and that was error.

"While moderate limitations are not per se disabling, they may translate into concrete work restrictions which, when considered in connection with [Nambi's] other restrictions, may render him disabled."  *Timothy B. v. Saul*, 2022 WL 181261, at *5 (N.D. Cal. Jan. 20, 2022).  On the current record, the Court "cannot say that the ALJ's failure to address or account for the moderate limitations were not inconsequential to the ultimate determination of disability."  *Gentry S. v. Kijakazi*, 2022 WL 1601413, at *13 (N.D. Cal. Mar. 31, 2022); *cf. Robbins*, 466 F.3d at 885 (holding that an ALJ's error is harmless if it was "inconsequential to the ultimate nondisability determination") (citation omitted).  Because it is possible that fully capturing Nambi's moderate mental limitations into the RFC could render him disabled, the ALJ's error was not harmless.

The issues concerning the moderate limitations opined to by Dr. Econome "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance."  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").  Accordingly, this case is remanded for further proceedings, not for payment of benefits.

\* \* \*

Nambi's motion for summary judgment is granted and the Commissioner's cross-motion is denied.  This case is remanded to the Commissioner for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated: March 30, 2023

ALEX G. TSE
United States Magistrate Judge